# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JERRY L. HUDSON, SR.,** | ) | |
| **Y-28171,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18−cv−1356−NJR** |
| | ) | |
| **SAMUEL NWAOBASI,** | ) | |
| **ROBERT SHEARING, and** | ) | |
| **WEXFORD HEALTH SOURCES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On July 6, 2018, Plaintiff Jerry L. Hudson, Sr., an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), filed this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims Defendants have exhibited deliberate indifference to his serious medical needs, and he seeks monetary and injunctive relief (specific medical care and referral to a specialist).

The Complaint (Doc. 1) is now before the Court for a preliminary review pursuant to Section 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

In November 2012, Plaintiff was very ill and had developed a large mass on his back. (Doc. 1, p. 5). Dr. Shearing told Plaintiff the mass was scar tissue and not cancerous. *Id.* Plaintiff was admitted to the infirmary, where he remained for five months, without a diagnosis or treatment. *Id.* During that time, Plaintiff was in severe pain and was rapidly losing weight. *Id.* Dr. Shearing prescribed nutritional drinks (because Plaintiff could not eat) and Prednisone. *Id.* Dr. Shearing also told Plaintiff the only thing he could do was try to make him comfortable. *Id.* Plaintiff was released from the infirmary in April 2013; by that time, he had lost 80 pounds and could not walk. *Id.*

In August 2013, as Plaintiff's condition worsened, he requested a biopsy and x-rays. *Id.* Dr. Shearing denied his requests. *Id.* Instead, he directed Dr. Nwaobasi to surgically remove the mass, which was the size of a baseball. *Id.* According to Plaintiff, the surgery was performed in a room that was not properly sterilized and without anesthesia. (Doc. 1, pp. 5, 7) Plaintiff also claims that Dr. Nwaobasi is not a licensed surgeon and should not have performed the surgery. (Doc. 1, p. 8).

Following the surgery, Plaintiff claims he was "still sick," and he was told nothing more could be done. (Doc. 1, p. 7). In October 2014, Plaintiff was sent to an outside hospital for high calcium levels. *Id.* He remained there for three days and was told he "could have died." *Id.* In December 2014, Plaintiff was sent to an outside hospital with congestive heart failure and pneumonia. *Id.* Plaintiff remained in this hospital for nine days and was in a coma for three of those days. *Id.* Plaintiff also claims that he was subsequently diagnosed with the following conditions: (1) sarcoidosis; (2) diabetes; (3) Hodgkin's lymphoma; (4) kidney disease; (5) heart

disease; (6) back and shoulder problems; (7) pulmonary disease; and (8) bone cancer melanoma (Doc. 1, p. 6).

According to Plaintiff, he is "still fighting" to get help for his medical needs. *Id.* Further, although he was approved to see an oncologist and a pulmonary doctor, no appointments have been scheduled, and, as of July 3, 2018, Plaintiff was still waiting to see one or more outside specialists. (Doc. 1, pp. 6, 9). Plaintiff has submitted numerous grievances and requests to Dr. Siddique (not a defendant in this action) and Wexford. *Id.* Wexford has denied Plaintiff's requests. (Doc. 1, p. 6)

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count.[1]

|           |                                                                                                      |
|-----------|------------------------------------------------------------------------------------------------------|
| **Count 1:** | Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's serious medical needs. |

Here, accepting Plaintiff's factual allegations as true, the Court finds that the Complaint states a colorable federal claim as to Dr. Shearing and Dr. Nwaobasi. The Complaint describes a serious medical condition (a baseball sized mass, severe pain, weight loss, and inability to eat or walk). *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff also has alleged that Dr. Shearing and Dr. Nwaobasi responded with deliberate indifference to his medical condition. *See* e.g., *Perez v. Fenoglio,* 792 F.3d 768, 777-79 (7th Cir. 2015); *Hayes v. Snyder*, 546 F.3d 516, 522-24 (7th Cir. 2008); *Guiterrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

---

[1] The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

On the other hand, however, the Complaint fails to state a claim as to Wexford. Plaintiff does not identify a policy or present facts showing that a Wexford policy was the "moving force" behind any alleged constitutional violation. *Wilson v. Cook Cty.*, 742 F.3d 775, 779 (7th Cir. 2014) (quoting *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012)).

For these reasons, Count 1 shall receive further review as to Dr. Shearing and Dr. Nwaobasi. However, Count 1 shall be dismissed without prejudice as to Wexford.

## Injunctive Relief

Menard's warden, currently Jacqueline Lashbrook, is the appropriate party with respect to Plaintiff's request for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, Jacqueline Lashbrook shall be added to the docket, in her official capacity, for the purpose of carrying out any injunctive relief that might be ordered.

The Court does not construe Plaintiff's request for injunctive relief as a request for immediate relief. Should Plaintiff wish to request a temporary restraining order or a preliminary injunction, he should file a separate motion pursuant to Rule 65(a) or (b) indicating the exact form of relief he seeks, the reasons why he seeks that relief, and the factual allegations supporting his request. He may do so at any time while this action is pending.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson.

## Disposition

The Clerk of Court is **DIRECTED** to add **JACQUELINE LASHBROOK** (official capacity only) for the purpose of carrying out any injunctive relief that might be ordered.

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1,** shall

PROCEED against **NWAOBASI** and **SHEARING**. **COUNT 1** is **DISMISSED** without prejudice as to **WEXFORD**. The Clerk of the Court is **DIRECTED** to terminate **WEXFORD** as a party in the Case Management/Electronic Case Filing ("CM/ECF") system.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare for **NWAOBASI, SHEARING,** and **LASHBROOK** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 24, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**