# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY L. HUDSON, SR.,** | |
| **Plaintiff,** | |
| v. | Case No. 3:18-CV-01356-NJR-GCS |
| **ROBERT SHEARING and FRANK LAWRENCE,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On July 6, 2018, Plaintiff Jerry L. Hudson, Sr. ("Hudson"), who was incarcerated at Menard Correctional Center, filed suit pursuant to 42 U.S.C. § 1983 alleging that Defendant Robert Shearing and Defendant Samuel Nwaobasi were deliberately indifferent to his serious medical needs. Now before the Court is a motion to dismiss (Doc. 28) filed by Defendant Shearing in which he argues that Hudson filed suit against him after the expiration of the applicable statute of limitations. For the reasons explained below, Shearing's motion to dismiss is granted.

## FACTUAL BACKGROUND

Hudson alleges in his complaint that Dr. Shearing first saw him for his illness and back mass in November 2012 and that Dr. Shearing continued to treat him until August 2013. At that point, Dr. Shearing ended his employment at Menard Correctional Center,

and other doctors took over Hudson's medical care. There are no allegations of treatment by Dr. Shearing after August 2013.

## ANALYSIS

A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677-78).

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts. *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). In Illinois, where the events in Hudson's complaint occurred, that period is two years. *Woods v. Illinois Dep't of Children and Family Servs.*, 710 F.3d 762, 765-66 (7th Cir. 2013); 735 ILCS 5/13-202. Ongoing violations of the plaintiff's constitutional rights may delay the accrual date under the continuing violation doctrine. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). But a defendant's continuing violation of a plaintiff's rights can delay the start of the limitations period only "for as long as the defendant[] had the power to do something about [the plaintiff's] condition."

*Id.* at 318. That is, if a defendant leaves his or her employment at the correctional facility where a plaintiff is incarcerated, the statute of limitations begins to run. *Id.* As such, Hudson's claim accrued as to Dr. Shearing in August 2013 when Shearing left his employment in the healthcare unit at Menard, and the statute of limitations lapsed approximately three years before Hudson filed suit against Defendant Shearing.

## MOTION TO RECONSIDER

Given the dismissal of Hudson's claims against Defendant Shearing, the Court turns to a motion to reconsider the dismissal of Hudson's claims against Defendant Nwaobasi (Doc. 38). On February 22, 2019, Magistrate Judge Gilbert C. Sison directed the parties to take action regarding Defendant Samuel Nwaobasi, who had not been served and who passed away in October 2018. When neither party did so, the undersigned dismissed Hudson's claims against Dr. Nwaobasi for want of prosecution. Hudson asks the Court to reconsider its order dismissing his claims against Nwaobasi and to substitute his employer, Wexford Health Sources, Inc., as a defendant in this action. Wexford cannot be held liable for the actions of its employees under a *respondeat superior* theory of liability. *See Shields v. Dep't Corr.*, 746 F.3d 782, 792 (7th Cir. 2014). As such, permitting the substitution as requested would be futile, and Hudson's motion to reconsider is denied.

## CONCLUSION

For the reasons set forth above, Defendant Robert Shearing's motion to dismiss is **GRANTED**. Plaintiff Jerry L. Hudson's claims against him are dismissed with prejudice, as they are barred by the applicable statute of limitations. Hudson's motion to reconsider is **DENIED**. Defendant Frank Lawrence was added to this action in his official capacity

for the purpose of carrying out any injunctive relief. As Hudson's claims against Shearing and Nwaobasi have been dismissed, Defendant Lawrence is dismissed from this action. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: September 23, 2019**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**